UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HECTOR ALFARO, Individually, and on behalf of all persons similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**VERACITY, LLC, and CRAIG FLIGEL, Individually,**<br><br>Defendants. | Civil Action No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff HECTOR ALFARO ("Plaintiff" or "Alfaro"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendants, VERACITY, LLC, ("corporate Defendant" or "Veracity"), and CRAIG FLIGEL, Individually ("Fligel"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for their violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC") ("collectively "NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other similarly situated non-exempt granite laborer, for damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. §

1

216(b).

3. Plaintiff brings this lawsuit against Defendants as a class action on behalf of himself and all other non-exempt construction workers, for damages as a result of Defendants' violations of the NJWHL pursuant to the class action provisions of Fed.R.Civ. P, Rule 23.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times material hereto, Plaintiff performed non-exempt granite labor for the Defendants. Defendants are a Connecticut based company with a New Jersey factory located in Fairfield, which is Plaintiff's job site. Defendants are therefore within the jurisdiction and venue of this Court.

8. At all times pertinent to this Complaint, the Defendant, Veracity, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, upon information and belief, in part, Defendants purchase materials and tools throughout the country in order to provide their customers with a final product. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and materials, which moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of

the Act.

## PARTIES

9. Plaintiff Alfaro is an adult individual who is a resident of West New York, Hudson County, New Jersey.

10. Plaintiff became employed by Defendants full time as a non-exempt construction worker, beginning in or about April 2017, and Plaintiff continues to work for Defendants to date.

11. Upon information and belief, the Defendants own and/or maintain a stone fabrication company that provides commercial and residential stonework.

12. Upon information and belief, the Defendant, Veracity, is headquartered in Connecticut and maintains a New Jersey factory in Fairfield.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

14. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

15. At all times relevant to this Complaint, the Defendants are and were employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. §201, et.al.

16. Individual Defendant Craig Fligel is a New Jersey state resident.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Fligel has been an owner, partner, officer and/or manager of Veracity.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Fligel has had power over personnel decisions at Veracity.

19. At all times relevant to this Complaint, individual Defendant Fligel was present at the business regularly, and managed the day-to-day financial operations, the company time and

pay practices and had the power to change same.

## CLASS AND COLLECTIVE ALLEGATIONS

20. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

21. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

22. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one-half times their regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23. The putative class is so numerous that joinder of all members is impracticable.

24. The size of the putative class is believed to be in excess of 50 employees. In addition, the names of all potential members of the putative class are not known.

25. The claims of the Named Plaintiff are typical of the claims of the putative class.

26. The Named Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

27. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' location.

28. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

30. This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

31. Plaintiff's claims under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

32. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

33. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for the overtime hours that he worked in a work week.

34. Among other duties, Plaintiff worked and continues to work performing stone fabrication labor for Defendants' fabrication business.

35. Plaintiff is paid per hour for all hours worked in a workweek and during his employment, his hourly rate has been between $12.00 and $17.00 per hour. Plaintiff is currently receiving $17.00 an hour for all hours worked in a work week.

36. Plaintiff routinely worked and continues to work seven (7) days per week.

37. Plaintiff has regularly conservatively worked anywhere from seventy (70) to over

5

one hundred (100) hours per work week during his employment.

38. Over the years, Plaintiff's work hours have varied, beginning his shift anywhere between at 5 a.m. and 7 a.m., and ending his shift anywhere from 6 p.m. to 11 p.m., and at other times beginning daily at 7:00 a.m. and working until anywhere between 3:30 p.m. and 7:00 p.m. each work day, with a one hour meal break.

39. Plaintiff was not and is not paid one and one-half times his regular rate of regular rate of pay, for the hours that he worked and continues to work in excess of forty (40) in a work week; rather, Plaintiff is paid his regular rate for all hours worked.

40. Upon information and belief, employees similarly situated to Plaintiff also have been and continue to be compensated improperly.

41. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

42. At all times material hereto, Plaintiff and all similarly situated employees, were and are performing their duties for the benefit of and on behalf of Defendants.

43. This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as treble damages applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

44. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

45. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

46. At all times pertinent to this complaint, Defendants failed to comply with Title 29

U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

47. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after October 22, 2018.

48. Plaintiff has retained Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

49. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the preceding paragraphs.

50. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

51. Defendants knowingly and willfully failed to pay Plaintiff at one and one-half times his regular rate of pay for his overtime hours worked in a work period.

52. All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

53. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

54. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

55. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the preceding paragraphs.

56. Defendants' aforementioned conduct is in violation of the NJWHL.

57. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

58. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, HECTOR ALVARO, and those similarly situated employees, demand judgment, against Defendants VERACITY, LLC, and CRAIG FLIGEL, Individually, for the payment of statutory compensation for all overtime hours due them, for which they have not been properly compensated, liquidated damages and/or treble damages as applicable, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: October 22, 2021

Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

/s Andrew I. Glenn
 Andrew I. Glenn, Esq.
aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff and Putative Class*

8